# DAVID ROUNTREE

## v.

# CHARLOTTE LITTLE.

1. DELIVERY OF A DEED—*whether essential.* The delivery of a deed executed by a county clerk for swamp lands, under the laws in relation to the sale and conveyance of such lands, is essential to give it operation to pass title.

2. EJECTMENT—*of an equitable title.* The plaintiff in ejectment can not recover merely by showing an equity; and if the defendant has acquired the legal title through either actual or constructive fraud, and the plaintiff is entitled to it, he must seek his remedy in chancery.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

The opinion states the case.

Mr. ALFRED C. DUFF and Mr. JAMES M. GREGG, for the plaintiff in error.

Mr. C. K. DAVIS and Mr. T. B. TANNER, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, brought by David Rountree against Charlotte Little, in which the plaintiff claimed title by virtue of a judgment rendered in June, 1858, against one Robinson, on execution, and sheriff's deed. The land in controversy is admitted to have been a part of the swamp lands granted to Saline county, and the plaintiff, to show title in Robinson, introduced a deed from the county clerk to him, bearing date August 22, 1854. The defendant introduced a

deed from the county clerk to one Groves, as assignee of Robinson, executed October 2, 1869, and a certificate of purchase executed by the drainage commissioner to Charlotte Little, and assigned by her to Robinson, March 22, 1854, and by Robinson to Groves, March 29, 1858. The defendant then called the present county clerk and proved by him that the deed from the former county clerk to· Robinson, introduced by the plaintiff, had been found by the witness in his office, and had been produced by him on the trial in obedience to a subpœna *duces tecum.* It thus appeared this deed had never been delivered, and we can not adopt the position of counsel for the plaintiff, that, under the statute in regard to swamp lands, delivery was not essential to a deed of this character. The case of the plaintiff thus failed. He did not show the defendant was in possession under Robinson, the defendant in the judgment and execution, and the apparent legal title which he had shown by the deed to Robinson, was overcome by the evidence of the defendant that this deed had not been delivered, and the proof of the subsequent deed from the county clerk to Groves made on the surrender of the certificate in 1869. As to the forty-acre tract, the plaintiff showed no deed at all from the county clerk to Robinson.

It is, however, urged by the plaintiff that Robinson is shown to have been the equitable owner of the land in 1854, and the then holder of the certificate of purchase, and that, admitting he assigned the certificate to Groves in March, 1858, before the judgment became a lien, such assignment was not recorded, and Robinson, under the recording laws, must be considered as having had an equitable estate upon which the lien of the judgment attached. There is also some evidence tending to show that the assignment from Robinson to Groves was not *bona fide.* These, however, are not questions which properly arise in this action of ejectment. The plaintiff not having shown that the defendant was in possession under Robinson, could only recover in this action by showing a legal title in Robinson. He not only failed to show this, but it appears the

legal title was in Groves. If the plaintiff acquired anything by his purchase at the sheriff's sale, it was only an equity, which he must enforce on the equity side of the court. This case is wholly unlike that of *Rogers* v. *Brent*, 5 Gilm. 573, in which the defendant in ejectment was merely allowed to protect his possession by showing that a patent had been fraudulently issued. The plaintiff in ejectment can not recover merely by showing an equity. If Groves has acquired the legal title through either actual or constructive fraud, and if the plaintiff is entitled to it, he must seek his remedy in chancery.

*Judgment affirmed.*